

# In the Court of Criminal Appeals of Texas

No. WR-95,035-01

**EX PARTE JAMES RENFRO,**

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 2013-437,890-A in the 140th District Court
From Lubbock County

YEARY, J., filed a dissenting opinion.

On June 18, 2014, Applicant pled guilty to continuous sexual abuse of a child, a first-degree felony, and was sentenced to thirty years' imprisonment. *See* TEX. PENAL CODE § 21.02. He did not appeal. Unfortunately, at the time of his plea, the convicting court admonished Applicant that the minimum prison sentence for his offense was five years and that he would be eligible for parole after serving at least fifty

percent of his sentence. In fact, the minimum term of imprisonment for continuous sexual abuse of a child is twenty-five years. TEX. PENAL CODE § 21.02(h). Moreover, conviction under Section 21.02 of the Penal Code renders an inmate ineligible for parole. *See* TEX. GOV'T CODE § 508.145(a)(2) ("(a) An inmate is not eligible for release on parole if the inmate is . . . serving a sentence for any of the following offenses under the Penal Code: . . . (2) Section 21.02.").

Now, nearly nine years later, Applicant has filed an application seeking postconviction habeas corpus relief on the grounds of involuntary plea and ineffective assistance of counsel related to his improper judicial admonishment. The Court grants relief, specifically noting that the doctrine of laches should not bar it in this case. Majority Opinion at 1–2. I disagree.

As I recently explained in *Ex parte Ross*, No. WR-94,371-02, 2023 WL 6133230 (Tex. Crim. App. Sept. 20, 2023) (Yeary, J., dissenting), this Court's laches analysis under *Ex parte Perez*, does not properly begin and end with an assessment of the prejudice caused to an adverse party by "neglect to assert [a] right or claim . . . taken together with [the] lapse of time. . . ." *Perez*, 398 S.W.3d 206, 210 (quoting *Ex parte Carrio*, 992 S.W.2d 486, 487 n.2 (Tex. Crim. App. 1999)). Rather, "neglect for an unreasonable and unexplained length of time under circumstances permitting diligence, to do what in law, should have been done" likewise bars equitable relief. *Id.*

Applicant waited nearly nine years after he was convicted to bring this application. His explanation for this delay is that he was too poor to afford a copy of the transcript which shows the trial court improperly

stated the terms of his sentence and parole eligibility and that his trial counsel failed to object—evidence necessary to support his claims. This transcript, however, is only thirteen pages long. Given the likely minimal cost of obtaining such a brief transcript, a bare claim of poverty does not strike me as a sufficient explanation for Applicant's otherwise unreasonably long delay.

I would deny relief. Because the Court does not, I respectfully dissent.

**FILED:**                                                          November 1, 2023
**DO NOT PUBLISH**